```
              IN THE UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF KANSAS
```

**FAYVUN MANNING,**
                             Petitioner,

           v.                                     CASE NO. 06-3088-SAC

**STATE OF KANSAS,**
                             Respondent.

### O R D E R

This is a petition for writ of habeas corpus, 28 U.S.C. 2254, filed by an inmate of the Lansing Correctional Facility, Lansing, Kansas. Petitioner has also filed an Application to Proceed In Forma Pauperis (Doc. 2). The court finds the latter motion should be denied because documents submitted by petitioner indicate he has sufficient funds to pay the filing fee in this action. Thus, petitioner will be granted thirty (30) days to submit the filing fee herein of $5.

Petitioner was convicted upon trial by jury on October 14, 1998, in the District Court of Wyandotte County, Kansas, of first degree murder and aggravated robbery and sentenced to concurrent terms of life and 51 months. Petitioner seeks to challenge these state convictions on numerous grounds. Three grounds he alleges were raised on direct appeal: (1) trial court erred in allowing prosecution to treat State's witness Canady as a hostile witness; (2) trial court erred in failing to excuse juror Westbrooks for cause; and (3) prosecutor improperly questioned defendant by asking if State's witnesses were lying. Other claims he lists are: (4) improper denial of motion to dismiss on denial of speedy trial grounds, (5) improper denial of motion to suppress based

upon illegal search of grandmother's home, (6) jury was racially imbalanced and court erred in excusing jurors Delap and Sanders for cause, (7) error in denying mistrial based on improper and prejudicial response at trial by Sgt. Kearney, (8) error in not allowing defense to question Detective Shomin about his conduct in a similar case, (9) error in not instructing on lesser included offenses, and (10) insufficient evidence of guilt. Petitioner appears to allege that grounds 4 through 10 were raised in a state post-conviction motion filed pursuant to K.S.A. 60-1507, which was denied on April 8, 2005. Kansas Appellate Courts on-line records indicate an appeal of the denial of a 1507 action by the Wyandotte County District Court (case no. 01C5052) was docketed in the appellate courts on May 11, 2004 (Appellate Case No. 92258). Petitioner alleges the Kansas Supreme Court denied a Petition for Review on September 20, 2005 (04-92258-A).

Petitioner also claims (11) he was denied due process because there was no evidentiary hearing with the opportunity to be present on his state petition, (12) he was denied effective assistance of counsel because the state district court denied appointment of counsel, and (13) the district court violated Supreme Court rule 183(j) by failing to make explicit findings of fact and conclusions of law regarding each of his issues, either orally or in writing, which resulted in a denial of meaningful appellate review. It is not clear if or how these last 3 claims were exhausted.

The court finds at this juncture that petitioner has enumerated 13 claims, but it is not clear that he has exhausted

all state court remedies on each and every one. Since petitioner is required by statute to have exhausted state judicial remedies on all his claims before proceeding in federal court on a 2254 Petition, the court requires a more detailed showing of exhaustion as to each claim. The court will therefore direct the Clerk to send petitioner the current forms for a 2254 Petition plus 10 copies of extra pages for additional grounds. Petitioner is directed to fill out the forms for the Petition and the extra pages completely and to separately list and fully answer the questions regarding exhaustion for each and every ground he raises. If petitioner does not provide adequate information indicating that he has exhausted all available state judicial remedies on all his claims, this Petition will be dismissed without prejudice for failure to show exhaustion. The specific information required includes: (1) if the particular claim was raised on direct appeal, (2) why not if not, (3) if it was raised in the state trial court by post-conviction motion, (4) a description of that motion including the date it was filed, (5) whether petitioner appealed the denial of the state motion, and (6) whether the claim was raised on that appeal.

    Petitioner must have presented each of his claims in an orderly fashion ultimately to the highest state court either on direct appeal or by proper state post-conviction motion. Petitioner is cautioned that he must show full exhaustion on each and every one of his 13 claims, or the Petition will be dismissed. This is because the Tenth Circuit Court of Appeals has ruled that a "mixed" Petition, one containing some

unexhausted and some exhausted claims, must be dismissed for failure to exhaust.

Petitioner is also specifically directed to state the date on which he filed his 60-1507 petition challenging this conviction in the Wyandotte County District Court. The court requires this information to determine whether or not this Petition was filed within the one-year statute of limitations. See 28 U.S.C. 2244(d). Petitioner is advised that if any of his claims have not been fully exhausted in the state courts, he should immediately file a state action, such as a post-conviction motion pursuant to K.S.A. 60-1507 presenting those unexhausted claims to the state courts. The limitation period for filing a federal habeas corpus petition may be tolled, if it has not already expired, by the pendency of a properly filed state habeas action. Should this court determine that state court remedies have not been fully exhausted on all 13 of petitioner's claims raised in this action, he will have to choose between either dismissing the unexhausted claims and proceeding on the exhausted claims only[1], or having this action dismissed without prejudice and proceeding in the state courts to fully exhaust all his claims. One problem with having this action dismissed, even without prejudice, is that the time limitation is running and is not tolled by this federal action should it be dismissed for failure to exhaust.

Finally, the court notes that this case is proceeding only

---

[1] If petitioner chooses to proceed only upon his exhausted claims, he likely will be prevented from having his unexhausted claims reviewed in federal court in the future due to the statutory prohibition against second and successive federal habeas petitions, 28 U.S.C. 2244(b)(2).

4

upon those claims pertaining to petitioner's 1998 convictions entered in Case No. 97 CR 2549. Petitioner attached to his form Petition herein, a handwritten list of claims that apparently pertain to a separate 1999 conviction (Case No. 98 CR 0445). He may not challenge convictions from two different trials in one federal habeas petition. The court has separated the claims regarding the 1999 conviction, and instructed the Clerk to open a second case numbered 06-3119. An order similar to this shall be entered in that case.

**IT IS THEREFORE ORDERED** that petitioner's motion for leave to proceed in forma pauperis (Doc. 2) is denied, and petitioner is granted thirty (30) days in which to submit the filing fee of $5 in this action, or the action will be dismissed without further notice.

**IT IS FURTHER ORDERED** that petitioner is granted thirty (30) days to complete forms provided by the court to show full exhaustion of state judicial remedies as to each and every claim raised in his Petition, or the Petition shall be dismissed without prejudice for failure to exhaust state remedies.

The Clerk is directed to transmit copies of the court's forms for filing an action under 28 U.S.C. 2254 with instructions and 10 copies of extra pages for the additional grounds raised by petitioner.

**IT IS SO ORDERED.**

Dated this 27th day of April, 2006, at Topeka, Kansas.

                    <u>s/Sam A. Crow</u>
                    U. S. Senior District Judge