IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**FAYVUN MANNING,**
                Petitioner,

      v.                                CASE NO. 06-3088-SAC

**STATE OF KANSAS,**
                Respondent.

**O R D E R**

This petition for writ of habeas corpus, 28 U.S.C. 2254, was filed by an inmate of the Lansing Correctional Facility, Lansing, Kansas, and the filing fee was paid.

Petitioner was convicted upon trial by jury on October 14, 1998, in the District Court of Wyandotte County, Kansas, of first degree murder and aggravated robbery and sentenced to concurrent terms of life and 51 months. He seeks to challenge his state convictions on numerous grounds. In his original Petition, Mr. Manning alleged that some grounds had been raised on direct appeal, and that he had filed a state post-conviction motion, which was denied by the trial court and on appeal. The court found the original Petition did not contain a clear statement of exhaustion of state court remedies on all the numerous claims raised therein, and required petitioner to submit his claims on court-provided forms and show full exhaustion on each of his claims. Petitioner submitted the forms, which were filed as an Amended Petition (Doc. 4). The court finds that this pleading should be treated as a Supplemental Petition, rather than an Amended Petition.

With regard to Mr. Manning's direct appeal of his 1997 convictions, Kansas Appellate Courts on-line records indicate an appeal was filed of District Court Case Number 97 CR 2549 to the Kansas Supreme Court in December, 1998 (Appellate Case Number 82447), and petitioner's convictions were affirmed on March 9, 2001. The Kansas Supreme Court's opinion affirming his convictions indicates the grounds petitioner raised on direct appeal. <u>State of Kansas v. Manning</u>, 19 P.3d 84, 91 (Kan. 2001).

The unpublished opinion of the Kansas Court of Appeals affirming the Wyandotte County District Court's summary dismissal of petitioner's K.S.A. 60-1507 motion, indicates the grounds raised by state post-conviction motion. <u>Manning v. State of Kansas</u>, 111 P.3d 198, 2005 WL 1137063 (Kan.App. May 13, 2005). Kansas Appellate Courts on-line records also indicate an appeal of the denial of the 60-1507 action in District Court Case No. 01-C-5052 was docketed in the appellate courts on May 11, 2004 (Appellate Case No. 92258); the denial was affirmed by the Kansas Court of Appeals on May 13, 2005. Mr. Manning's Petition for Review was denied by the Kansas Supreme Court on September 20, 2005 (04-92258-A). The court presumes from the district court case number that petitioner's 1507 motion was filed in 2001.

Finally, the court again notes that this case proceeds only upon those claims pertaining to petitioner's 1998 convictions entered in Case No. 97-CR-2549. The court therefore dismisses all claims relating to petitioner's 1999 conviction entered in Case No. 98-CR-0445 from this action, without prejudice. Those claims are

2

being litigated in <u>Manning v. State of Kansas</u>, No. 06-3119, which is also presently pending before this court.

Having examined the materials filed in this case, the court finds that this action should proceed upon the claims raised in the original and the supplemental Petitions. The court further finds:

1. Petitioner is presently a prisoner in the custody of the State of Kansas; and

2. petitioner demands his release from such custody, and as grounds therefore alleges that he is being deprived of his liberty in violation of his rights under the Constitution of the United States, and he claims that he has exhausted all remedies afforded by the courts of the State of Kansas.

**IT IS THEREFORE ORDERED THAT:**

1. Respondents herein are hereby required to show cause within twenty (20) days from the date of this order why the writ should not be granted.

2. The response should present:
    (a) the necessity for an evidentiary hearing on each of the grounds alleged in petitioner's pleadings; and

    (b) an analysis of each of said grounds and any cases and supporting documents relied upon by respondents in opposition to the same.

3. Respondents shall cause to be forwarded to this court for examination and review the following:

> the records and transcripts, if available, of the criminal proceedings complained of by petitioner, if a direct appeal of the judgment and sentence of the trial court was taken by petitioner, respondents shall furnish the records, or copies thereof, of the appeal proceedings.

Upon termination of the proceedings herein, the clerk of this court will return to the clerk of the proper state court all such state court records and transcripts.

4. The petitioner is granted ten (10) days after receipt by him of a copy of the respondents' answer and return to file a

3

traverse thereto, admitting or denying under oath all factual allegations therein contained.

     5.   The clerk of this court then return this file to the undersigned judge for such other and further proceedings as may be appropriate; and that the clerk of this court transmit copies of this order to petitioner and to the office of the Attorney General for the State of Kansas.

**IT IS FURTHER ORDERED** that Document 4 filed herein as "Amended Petition" be changed to and treated as "Supplemental Petition."

**IT IS FURTHER ORDERED** that all claims related to petitioner's 1999 conviction in Wyandotte County District Court Case Number 98-CR-0445, are dismissed from this case, without prejudice.

**IT IS SO ORDERED.**

Dated this 2nd day of October, 2006, at Topeka, Kansas.

                                          s/Sam A. Crow
                                          U. S. Senior District Judge