```
              IN THE UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF KANSAS
```

**FAYVUN MANNING,**

                        Petitioner,

          v.                         CASE NO. 06-3088-SAC

**STATE OF KANSAS,**

                        Respondents.

## MEMORANDUM AND ORDER

This petition for writ of habeas corpus was filed pursuant to 28 U.S.C. 2254 by an inmate of the Lansing Correctional Facility, Lansing Kansas, and the filing fee has been paid. Petitioner seeks to challenge his 1998 convictions entered in the District Court of Wyandotte County, Kansas. Upon initially reviewing the Petition, the court entered an order finding petitioner enumerated thirteen claims, but it was not clear he had exhausted state remedies on all his claims. The court therefore issued an order requiring petitioner to submit a more detailed showing of exhaustion as to each of his claims by fully completing 2254 forms provided by the court.

Petitioner was also directed in the body of the Order to state the date upon which he filed his state post-conviction motion under K.S.A. 60-1507 challenging his 1998 convictions so that the court could determine whether or not his federal Petition was timely under 18 U.S.C. 2244(d).

Mr. Manning submitted his Supplemental Petition which contained only four of his claims. The court considered this Petition, which did not fully respond to the initial order, together with information garnered from Kansas Appellate Courts on-line records, the opinion of the Kansas Supreme Court affirming his

convictions on direct appeal, State of Kansas v. Manning, 19 P.3d 84, 91 (Kan. 2001), and the unpublished opinion of the Kansas Court of Appeals affirming the Wyandotte County District Court's summary dismissal of Mr. Manning's 1507 post-conviction motion, Manning v. State of Kansas, 111 P.3d 198, 2005 WL 1137063 (Kan.App. May 13, 2005). These materials made it appear more plausible that petitioner had exhausted state remedies on most of his claims, although petitioner did not meet his obligation under 28 U.S.C. 2254(b) and the court's prior order to show full exhaustion on each and every one of his claims. Nevertheless, this court entered an Order to Show Cause to Respondents.

Respondents filed a Motion to Dismiss (Doc. 12) instead of an Answer and Return, on the ground that petitioner had filed his federal habeas corpus Petition after the statute of limitations had expired. Respondents also argue there are no extraordinary circumstances that prevented petitioner from timely filing his Petition so as to justify equitable tolling.

Mr. Manning responded by filing a Traverse, in which he mainly argues the same four grounds presented in his supplemental Petition. Having considered all materials filed, the court finds as follows.

**FACTS**

On October 14, 1998, Mr. Manning was sentenced by a Kansas trial court upon his convictions of first-degree murder and aggravated robbery to life imprisonment without the possibility of parole for 15 years for the felony murder count and 51 months for the aggravated robbery count, to run consecutively. He

unsuccessfully appealed the convictions, which were affirmed on March 9, 2001. <u>State v. Manning</u>, 270 Kan. 674, 19 P.3d 84 (2001). Manning did not seek review of the final state-court decision by the U.S. Supreme Court, and his time to do so expired on June 8, 2001. His convictions became "final" on that date. One hundred and ninety-five (195) days later, on December 20, 2001, Manning began an unsuccessful quest for state post-conviction relief. The Kansas trial court's judgment denying relief was affirmed on appeal, and the Kansas Supreme Court denied review on September 20, 2005. One hundred and seventy-four (174) days thereafter, on March 14, 2006, Manning executed the instant federal habeas corpus petition[1]. This was four (4) days after the statute of limitations had expired on March 10, 2006[2].

**LEGAL STANDARDS**

28 U.S.C. § 2244(d)(1)(A) provides a one-year limitation period for filing federal habeas corpus petitions, running from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." <u>Id</u>. The one-year clock is stopped, however, during the time the petitioner's "properly filed" application for state post-conviction relief "is pending." <u>Day v. McDonough</u>, 547 U.S. 198 (2006), *citing* § 2244(d)(2). Under Tenth Circuit precedent, that

---

[1] Respondents allege that petitioner "signed and mailed" his federal Petition on March 23, 2006. However, Mr. Manning's signature on the Petition was notarized on March 14, 2006, and this court considers March 14, 2006, as the date of execution.

[2] March 10, 2006, was a Friday; and neither Friday nor the following Monday was a holiday.

tolling period does not include the ninety days in which a petitioner might have sought certiorari review in the United States Supreme Court challenging state-court denial of post-conviction relief.  See Rhine v. Boone, 182 F.3d 1153, 1155 (10th Cir. 1999)("the limitation period was tolled only while petitioner was seeking state court review of his post-conviction application"), cert. denied, 528 U.S. 1084 (2000); see also Coates v. Byrd, 211 F.3d 1225, 1227 (11th Cir. 2000), cert. denied, 531 U.S. 1166 (2001); see also Gutierrez v. Schomig, 233 F.3d 490, 491-92 (7th Cir. 2000)[where petitioner has not sought certiorari to the U.S. Supreme Court, there is nothing "properly filed" or "pending" under Section 2244(d)(2)], cert. denied, 541 U.S. 1070 (2004).

**DISCUSSION**

Petitioner only addresses the basis for respondent's Motion to Dismiss, the asserted untimeliness of his Petition, on the last page of his Traverse.  There, he concedes respondents' calculations regarding the running of the statute of limitations in his case are correct.  He makes no allegation of exceptional circumstances beyond his control preventing him from filing his federal Petition on time[3].  However, he urges this Court to consider his Petition as timely filed, by finding he is entitled to an additional ninety

---

[3] Under precedent in this Circuit, the limitations period may be subject to equitable tolling. Cf., Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005).  However, equitable tolling is warranted only in "rare and exceptional circumstances."  Gibson v. Klinger, 232 F.3d 799, 808, *quoting* Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998), cert. denied, 526 U.S. 1074 (1999); Felder v. Johnson, 204 F.3d 168, 170-71 (5th Cir.), cert. denied, 531 U.S. 1035 (2000).  To qualify for such tolling, petitioner must demonstrate that extraordinary circumstances beyond his control prevented him from filing his federal petition on time, and that he diligently pursued his claims throughout the period he seeks to toll.  Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000), cert. denied, 531 U.S. 1194 (2001).

days of tolling for the time in which he could have filed a petition for writ of certiorari in the United States Supreme Court for review of the denial of his state post-conviction action. Petitioner cites State v. Florida, which he asserted was pending before the U.S. Supreme Court on the question of whether prisoners are entitled to this additional ninety-day period, and asks for a stay of proceedings herein pending the outcome of that case.

Four days after petitioner executed his Traverse, the United States Supreme Court decided Lawrence v. Florida, 127 S.Ct. 1079, 1083 2007 WL 505972 (Feb. 20, 2007). The Court ruled in Lawrence that the limitations period in § 2244(d) is not tolled while a petition for certiorari seeking review of the denial of state post-conviction relief is pending before the United States Supreme Court. Id. at *7. Even though the instant case is not on all fours with Lawrence, since petitioner in this case did not file a petition for certiorari, the rationale of the Supreme Court in Lawrence may logically be applied to the facts presented herein. Having considered all materials filed by petitioner, and based upon the holding of the U.S. Supreme Court in Lawrence, 127 S.Ct. at 1083, as well as relevant Tenth Circuit precedent, this court rules that the statute of limitations for filing a federal habeas corpus petition was not tolled during the ninety days following the Kansas Supreme Court's denial of review in Mr. Manning's state collateral action when petitioner could have, but did not, file a petition for certorari. Furthermore, the court finds petitioner has failed to allege either the diligence or extraordinary circumstances necessary to support equitable tolling. In particular, he does not allege facts demonstrating his diligence in pursuing relief during

the 195 days the statute of limitations ran before he filed a state habeas action, or during the 174 days before he filed his federal Petition.

For the foregoing reasons, the court finds that the statute of limitations expired in this case before Mr. Manning executed his federal Petition.  The court concludes that respondents' Motion to Dismiss this action as untimely must be sustained, and the action must be dismissed as time-barred.

**IT IS THEREFORE ORDERED** that this action is dismissed, with prejudice, as time-barred.

**IT IS SO ORDERED**.

Dated this 3rd day of April, 2007, at Topeka, Kansas.

s/Sam A. Crow
U. S. Senior District Judge